**Pat MURPHY, Plaintiff–Appellant,**

v.

**GE CAPITAL ASSET CORP., First Capital Corporation, Defendants,**

OCI Mortgage Corporation, Zeichner, Ellman & Krause, Barry R. Carus, Michael C. Manniello, Citibank, Defendants–Appellees.

**Docket No. 01–9163.**

United States Court of Appeals, Second Circuit.

June 5, 2002.

Pat Murphy, pro se, Long Beach, NY, for Appellant.

Barry J. Glickman, Zeichner, Ellman & Krause, New York, NY, for Appellees OCI Mortgage Corporation, Zeichner, Ellman & Krause LLP, and Citibank.

Michael C. Manniello, Carus & Maniello, P.C., Syosset, NY, for Appellees Barry R. Carus and Michael C. Manniello.

Present: WALKER, Chief Judge, JACOBS, and LEVAL, Circuit Judges.

## SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of said district court be and it hereby is **AFFIRMED.**

Plaintiff Pat Murphy brought a suit under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 *et seq.,* against various financial institutions and their lawyers. The plaintiff alleged that the defendants had fraudulently foreclosed a mortgage on his property by presenting fraudulent mortgage documents to the state courts and by deliberately failing to provide him with proper notice of the foreclosure action. The district court dismissed the suit as barred by the *Rooker–Feldman* doctrine. *See generally D.C. Ct. App. v. Feldman,* 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); *Rooker v. Fid. Trust Co.,* 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923). We affirm.

We review district court conclusions about subject matter jurisdiction de novo. *Chase Manhattan Bank, N.A. v. Am. Nat'l Bank,* 93 F.3d 1064, 1070 (2d Cir.1996). Under the *Rooker–Feldman* doctrine, the "lower federal courts lack subject matter

jurisdiction over claims that effectively challenge state court judgments." *Kropelnicki v. Siegel,* 290 F.3d 118, 127 (2d Cir. 2002). The *Rooker–Feldman* doctrine covers both matters directly decided in the state court and matters "inextricably intertwined" with the determinations of the state court. *Id.* In this case, the plaintiff essentially asks us to conclude that the state court foreclosure action was invalid and should be reversed. We lack jurisdiction over this claim. Consequently, we affirm the district court's dismissal.

The motion for sanctions is denied.

For the foregoing reasons, the judgment of the district court is **AFFIRMED.**